■ In the Matter of ATLANTIC OUTDOOR ADVERTISING, INC., Appellant, v MEENAKSHI SRINIVASAN, as Chairperson of the Board of Standards and Appeals of the City of New York, et al., Respondents. [973 NYS2d 613]—Judgment, Supreme Court, New York County (Peter H. Moulton, J.), entered December 7, 2012, denying the petition to annul the determination of respondent Board of Standards and Appeals of the City of New York (BSA), dated June 5, 2012, which denied petitioner's appeal of a determination of respondent Department of Buildings finding that the subject rooftop sign was not an "advertising sign," and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

BSA's determination that the rooftop sign at issue qualified as an accessory business sign rather than as an "advertising sign" under New York City Zoning Resolution § 12-10 was not arbitrary and capricious (*cf. Matter of Mazza & Avena v Chin*,

261 AD2d 546 [2d Dept 1999]). The court properly deferred to BSA's fact-based analysis as to whether the accessory use of the sign was clearly incidental to and customarily found in connection with the principal use of the property (*see Matter of New York Botanical Garden v Board of Stds. & Appeals of City of N.Y.*, 91 NY2d 413 [1998]; *see also Matter of Chelsea Bus. & Prop. Owners' Assn., LLC v City of New York*, 107 AD3d 414 [1st Dept 2013]). Concur—Tom, J.P., Sweeny, Saxe, Freedman and Clark, JJ. **[Prior Case History: 2012 NY Slip Op 32827(U).]**